UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS BRETT BARHAM                                                                PLAINTIFF

V.                                                 CIVIL ACTION NO. 3:25-CV-58-KHJ-BWR

JASMINE RENEE BECKUM, et al.                                                    DEFENDANTS

ORDER

Before the Court are three [33, 34, 35] Reports and Recommendations (collectively, "the Reports") of United States Magistrate Judge Bradley W. Rath. Written objections to the Reports were due by June 23, 2025. The Reports notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). For the reasons below, the Court adopts the [33, 34, 35] Reports and dismisses the claims against Jasmine Renee Beckum, Chancellor J. Dewayne Thomas, Deputy Sheriff Patricia Mack, and Deputy Sheriff Sergeant Wells.

I.     Background

Pro se Plaintiff Thomas Brett Barham ("Barham") sued under 42 U.S.C. § 1983, naming Jasmine Renee Beckum ("Beckum"), Chancellor J. Dewayne Thomas ("Chancellor Thomas"), Deputy Sheriff Patricia Mack ("Officer Mack"), and Deputy Sheriff Sergeant Wells ("Sergeant Wells"). Compl. [1]. Barham complains he suffered various injuries caused by violations of the United States Constitution, as well as the Mississippi Constitution. *See id.* at 4, 7–8; [33] at 1; [34] at 1; [35] at 1.

Barham's claims arise from a partition-by-sale action in the Hinds County Chancery Court before Chancellor Thomas. [1] at 5–7; *see generally* State Ct. R. [1-3]. On January 2, 2024, Beckum, Barham's former girlfriend, requested the partition by sale of a property she and Beckum co-owned in "fee simple, with each having an undivided one-half interest without survivorship rights." [1-3] at 3.

The Reports' detailed factual recitations sharpen the scene:

> At a hearing for temporary relief in Chancery Court on February 29, 2024, Barham appeared pro se, refused to testify when called, and refused to sit at the counsel table[,] arguing that the Chancery Court did not have jurisdiction over him. Barham also argued he was not properly before the Chancery Court since he did not agree with the capitalized style of the case. The same day, Chancellor Thomas entered an order finding Barham in "direct and contumacious contempt" of the Chancery Court. Chancellor Thomas ordered Barham to be held at the Hinds County, Mississippi Detention Center for ten days, but [he] suspended the incarceration conditioned on Barham's "compliance with all directives and mandates of the [c]ourt." Barham was also sanctioned $50.00.
>
> Barham did not appear at the hearing on final relief held on March 26, 2024[,] in Chancery Court. On April 8, 2024, Chancellor Thomas granted [Beckum's] request for partition by sale. Then, Chancellor Thomas entered an order of eviction to be served on Barham by the Hinds County Sheriff's Department. Barham attempted to set aside the Chancery Court's ruling, but Chancellor Thomas denied his requests.
>
> On May 9, 2024, Barham filed a Notice of Appeal in the Mississippi Supreme Court. The Mississippi Supreme Court dismissed Barham's appeal under Mississippi Rule of Appellate Procedure 2(a)(2) for failure to pay the cost of the appeal. Barham later filed several non-appeal related documents in Chancery Court. On August 20, 2024, the Chancery Court entered a final judgment striking certain pleadings, prohibiting Barham from filings documents in the case, and finding "[Barham's] frivolous filings may constitute threats against the [c]ourt" under Mississippi Code Annotated § 97-9-55.
>
> Barham's [1] Complaint in this Court derives from the events that occurred in Hinds County, Mississippi Chancery Court. Barham states that the Chancery Court did not rule in his favor and argues its order

2

> lacks jurisdiction because "[t]he order was of a Judge and not of a [c]ourt." Barham claims his rights were violated under [Section] 1983 when [Beckum] "filed a claim against him" and after "Chancellor Thomas ordered [Sergeant] Wells to seize and arrest Barham." Barham alleges [Officer] Mack violated his rights by entering the contested property and "forcing Barham to leave his home permanently without a bona fide warrant and without due process and did so under color of law." Barham also complains Defendants violated the United States Constitution and the Mississippi Constitution.
>
> Barham sues [Beckum] in her individual capacity, Chancellor Thomas in his individual and official capacities, [Officer Mack] in her individual and official capacities, and does not indicate if [Sergeant Wells] is sued in his official or individual capacity.
>
> Barham requests fines be imposed under 18 U.S.C. § 3571 and compensatory damages of $250,000.00 "per violation of their oath of office and State and/or Federal Law which injured Plaintiff," $1,000,000.00 "for Judge's bond,and $1,000,000.00 from their bond." Barham also asks "that each Civil Officer who is found in violation, be impeached, sanctioned, and prosecuted."

[33] at 1–4 (citation modified); *accord* [34] at 1–4; [35] at 1–4.

The Court addresses and adopts each of the Reports below.

II.    Standard

The Court reviews de novo the portions of the Reports to which Barham objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

The Court need not consider "[f]rivolous, conclusive[,] or general objections . . . ." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (citation modified). Barham cannot "raise a factual objection by merely reurging

3

arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). And "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citation modified).

III.   Analysis

   A.  [33] Report

On March 19, 2025, Beckum filed a [16] Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Recounting the related proceedings in Hinds County Chancery Court, Barham argues in his [25] Response that the Chancery Court's orders are void. *See generally* [25]. So he is now "attempt[ing] to set aside the judgments of the [Chancery] Court . . . ." *Id.* at 5.

The next day, Beckum filed five additional motions: a [18] Motion for Writ of Prohibition, a [19] Motion for Permanent Injunction, a [20] Motion for Sanctions, a [21] Motion for Attorney's Fees, and a [22] Motion to Stay Case.

The [33] Report recommends: (1) granting the [16] Motion to Dismiss; (2) denying the [18] Motion for Writ of Prohibition; (3) denying the [19] Motion for Permanent Injunction; (4) denying the [20] Motion for Sanctions; (5) denying the [21] Motion for Attorney's Fees; and (6) finding as moot the [22] Motion to Stay

Case. [33] at 15. Barham objects to portions of the [33] Report, and he concedes to others. *See* Objs. [39].[1] The Court reviews the objected-to portions de novo.

    1. [16] Motion to Dismiss

First, Barham objects to the recommendation that the [16] Motion to Dismiss be granted. *See* [39] at 2–3. He insists his [1] Complaint is sufficient because it alleges "Beckum conspired with judicial officers and law enforcement to execute an unlawful eviction without judicial process, thereby violating [his] rights . . . ." *Id.* at 3. But Barham fails to address the [33] Report's explanation that his claims against Beckum "are barred by the *Rooker-Feldman* doctrine." *See* [33] at 6–10.[2]

State-court judgments merit full faith and credit. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Accordingly, "[t]he *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). And "[o]nce a case originating in state court has been appealed to the highest court in that state, a plaintiff's only recourse in federal court is to file a writ of certiorari with the U.S. Supreme Court." *Britt v.*

---

[1] Barham concedes that the [18] Motion should be denied and that the [22] Motion should be found as moot. *See* [39] at 3, 6.

[2] The *Rooker-Feldman* doctrine originates from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Allan*, No. 1:09-CV-144, 2005 WL 8170082, at *2 (S.D. Miss. Aug. 17, 2005) (citing *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)).

As stated in the [33] Report:

> Barham filed this federal [1] [C]omplaint after the [C]hancellor entered an order of partition by sale, a final judgment setting forth findings of fact and conclusions of law[,] and following the Mississippi Supreme Court's dismissal of [his] appeal. Barham states the [C]hancery [C]ourt did not rule in his favor and argues its order lacks jurisdiction because the order was of a Judge and not of a court. Indeed, Barham attempts to set aside the judgments of the Chancery Court through his federal suit.

[33] at 7 (citation modified).

"Barham is a state-court loser complaining of his dissatisfaction with the [C]hancery [C]ourt's orders, proceedings, and his alleged injuries as a result." *Id.* (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). And "[u]nder the *Rooker-Feldman* doctrine, the lower federal courts are without any authority/power/jurisdiction to modify or reverse a judgment rendered by a state court." *In re Bayhi*, 528 F.3d 393, 402 (5th Cir. 2008). So the Court agrees with the finding of the [33] Report: "To the extent Barham's claims collaterally attack the state court judgment, the Court lacks jurisdiction over them because of the *Rooker-Feldman* doctrine." [33] at 8.

Further, because Barham's Section 1983 claims for the alleged constitutional violations are inextricably intertwined with the Chancery Court's decision, the Court is without subject-matter jurisdiction over them under the *Rooker-Feldman* doctrine. *See Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 345, 350 (5th Cir. 2003) ("[L]ower federal courts lack jurisdiction to review state court judgments

when the constitutional claims are 'inextricably intertwined' with the challenged state court judgment.") (quoting *Feldman*, 460 U.S. at 482 n.16). This means "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Bui Phu Xuan v. Ft. Wor. Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008) (per curiam) (citation modified).

Barham lost at the state-court level, and he appealed to Mississippi's highest court. *See* [33] at 7. This Court cannot award Barham relief without finding the state court in error. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (explaining "recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court"). For these reasons, the Court adopts the [33] Report's finding that Barham's claims against Beckum are barred by the *Rooker-Feldman* doctrine, and the [16] Motion should be granted.

    2.  [19] Motion for Permanent Injunction

Next, Barham objects to the recommendation that the [19] Motion for Permanent Injunction be denied. *See* [39] at 3–5. The [33] Report denies Beckum's request to enjoin Barham from filing future pleadings or lawsuits. [33] at 11. Barham objects, and then he argues he is entitled to injunctive relief to prevent further violations of his rights. [39] at 5. This presents an issue unrelated to the [33] Report's findings. Barham cannot raise separate requests for relief in a response or objection. *See* L.U. Civ. R. 7(b)(3)(C).

For this reason, the Court adopts the [33] Report's finding that the Court should deny Beckum's [19] Motion for Permanent Injunction.

    3.  [20] Motion for Sanctions and [21] Motion for Attorney's Fees

Finally, Barham objects to the [33] Report's findings on the [20] Motion for Sanctions and the [21] Motion for Attorney's Fees. *See* [39] at 5–6. The [33] Report recommends denying both motions—allowing no sanctions or attorney's fees against Barham. [33] at 12–14. Yet Barham still objects. [39] at 5–6. Essentially, he agrees that the Court should not impose sanctions against him, but he asks that the Court instead impose sanctions against Beckum. *See id.* He also asks that the Court withhold ruling on the [21] Motion for Attorney's Fees because he is entitled to fees if he is the prevailing party, and this matter has not concluded. *Id.* The Court overrules the objections and adopts the [33] Report's findings denying the [20] Motion for Sanctions and [21] Motion for Attorney's Fees. Again, Barham cannot raise separate requests for relief in a response or objection. *See* L.U. Civ. R. 7(b)(3)(C).

    4.  Remainder of the [33] Report

The remainder of the [33] Report is without objection. Because the Court finds the remainder of the [33] Report neither clearly erroneous nor contrary to law, it adopts the [33] Report as its opinion.

    B.  [34] Report

On February 12, 2025, Chancellor Thomas filed a [5] Motion to Dismiss for Lack of Jurisdiction. Barham later filed an [7] Affidavit in Support of Plaintiff's Response to the Motion to Dismiss. And Chancellor Thomas filed a [8] Reply.

8

Barham also filed a [26] Rebuttal, but it was later stricken. *See* 04/18/2025 Text Only Order.

The [34] Report recommends granting the [5] Motion to Dismiss and dismissing Barham's claims against Chancellor Thomas. [34] at 15. As explained in the [34] Report, the official-capacity claims against him are barred by sovereign immunity, and the individual-capacity claims against him are barred by absolute judicial immunity. *See* [34] at 7–15. No party objected to the [34] Report, and the time to do so has passed. Because the Court finds the [34] Report neither clearly erroneous nor contrary to law, it adopts the [34] Report as its opinion, and it dismisses the claims against Chancellor Thomas without prejudice.

C.  [35] Report

On March 14, 2025, Barham filed a [13] Motion to Show Cause on Motion for Preliminary Injunction. He seeks review of the Chancery Court's partition-by-sale decision, and he requests a preliminary injunction in order to postpone the subject property's sale until he has had the "meaningful" opportunity to address the Court. [13] at 2. Chancellor Thomas filed a [14] Response, and Barham filed an untimely [30] Reply.

The [35] Report recommends denying the [13] Motion to Show Cause on Motion for Preliminary Injunction because the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See* [35] at 5–10. No party objected to the [35] Report, and the time to do so has passed. Because the Court finds the

[35] Report neither clearly erroneous nor contrary to law, it adopts the [35] Report as its opinion, and it denies Barham's [13] Motion.

D.  Remaining Defendants

Barham also sued Sergeant Wells and Officer Mack. [1] at 3–4. He claims his rights were violated under 42 U.S.C. § 1983 when "[Chancellor] Thomas ordered [Sergeant] Wells to seize and arrest [Barham] without legal or lawful authority . . . ." *Id.* at 5. He also claims Officer Mack violated his rights when she entered the contested property and "forced" Barham "to leave his home permanently . . . without a bona fide warrant and without due process of law and did so under color of law." *Id.*

As Barham admits, he is "attempt[ing] to set aside the judgments of the [Chancery] Court." [25] at 5. But the Court lacks jurisdiction over these claims under the *Rooker-Feldman* doctrine.[3] *See Turner*, 354 F. App'x at 111 (explaining "[t]he *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (citation modified)); *see also* [33] at 8.

---

[3] "Federal courts are courts of limited jurisdiction; therefore, we have a constitutional obligation to satisfy ourselves that subject matter jurisdiction is proper . . ." *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Indeed, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins.*, 243 F.3d 912, 919 (5th Cir. 2001).

So, like Barham's claims against Beckum, the Court cannot consider Barham's Section 1983 claims against Sergeant Wells and Officer Mack because they are "inextricably intertwined" with the Chancery Court's decision and thus, barred by the *Rooker-Feldman* doctrine. *See* [33] at 8; *Richard*, 355 F.3d at 350 (quoting *Feldman*, 460 U.S. at 482 n.16). It is undisputed that both Sergeant Wells and Officer Mack were carrying out the orders related to Chancellor Thomas's orders of eviction and contempt. *See* [1-3] at 37–38, 74–76.

Barham's alleged injuries arose from the Chancery Court matter, so this Court cannot afford him relief without finding the state court in error. *See Liedtke*, 18 F.3d at 317. Because Barham's federal claims are inextricably intertwined with the Chancery Court proceedings, this Court is without subject-matter jurisdiction over them under the *Rooker-Feldman* doctrine. [33] at 9. For this reason, the Court dismisses the claims against Sergeant Wells and Officer Mack and denies as moot Barham's [31] Motion for Entry of Default.

IV.   Conclusion

For the stated reasons, the Court ADOPTS the [33, 34, 35] Reports, DISMISSES this case without prejudice, and DENIES AS MOOT Barham's [31] Motion for Entry of Default. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 11th day of July, 2025.

                                       s/ *Kristi H. Johnson*
                                       UNITED STATES DISTRICT JUDGE

Case 3:25-cv-00058-KHJ-BWR   Document 42   Filed 07/11/25   Page 12 of 12